| | |
|---|---|
| 1 | DAVID E. McALLISTER (AZ SBN 021551) |
| 2 | JOSEPHINE E. PIRANIO (AZ SBN 020630) |
|   | BRIAN PAINO (AZ SBN 027091) |
| 3 | PITE DUNCAN, LLP |
|   | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
|   | San Diego, CA 92177-0933 |
| 5 | Telephone: (858)750-7600 |
|   | Facsimile: (619) 590-1385 |
| 6 | jsalmon@piteduncan.com |

Attorneys for GMAC MORTGAGE, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>MICHAEL K. WINKS AND ANGELA L. WINKS,<br><br>      Debtor(s). | Case No. 2:09-BK-25244-GBN<br><br>Chapter 7<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| GMAC MORTGAGE, LLC,<br><br>      Movant,<br><br>  vs.<br><br>MICHAEL K. WINKS AND ANGELA L. WINKS, Debtor(s); and DAVID M. REAVES, Chapter 7 Trustee,<br><br>      Respondents. | |

GMAC Mortgage, LLC ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 37605 West Jefferson Street, Tonopah, Arizona 85354.

On or about October 7, 2009, Michael K. Winks and Angela L. Winks ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and David M. Reaves was appointed

as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).

### NO EQUITY

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In <u>In re San Clemente Estates</u> 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:

> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

<u>Id.</u> at 610 (emphasis added).

In <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about November 30, 2007, Debtors, for valuable consideration, made, executed and delivered to Amerifirst Financial, Inc. ("Lender") a Note in the principal sum of $133,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing January 1, 2008, and continuing until December 1, 2037, when all

outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

Movant currently owns the Note and is entitled to enforce the provisions on the Note and Deed of Trust.

On or about November 30, 2007, the Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 37605 West Jefferson Street, Tonopah, Arizona 85354 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on December 5, 2007, in the Official Records of Maricopa County, State of Arizona. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference.

Subsequently, Lender's beneficial interest in the Note and the Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached hereto as exhibit C and incorporated herein by reference.

The obligation under the Note is in default as of September 1, 2009, for failure to make payments to Movant. As of November 10, 2009, the principal balance due and owing under the Note is in the approximate amount of $130,467.48. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $4,416.90, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

/././

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and Statements, the fair market value of the Property is approximately $120,000.00. True and correct copies of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit D and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $120,000.00 |
| Less: | |
| Movant's 1st Trust Deed (principal only) | $130,467.48 |
| GMAC's 2nd Trust Deed | 34,775.00 |
| Costs of Sale (8%) | 9,600.00 |
| Equity in the Property: | $<54,842.48> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C.§ 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtors are presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

/./././

1 | By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors;

4. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

5. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

/./././

/./././

/./././

/./././

/./././

| | | |
|---|---|---|
| 1 | 6. | For such other and further relief as the court deems just and proper. |
| 2 | Dated: December 22, 2009 | PITE DUNCAN, LLP |

/s/ JES 020630
JOSEPHINE E. PIRANIO
Attorneys for Movant
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (619) 590-1300
Facsimile: (619) 590-1385

Copies of the foregoing mailed
December 22, 2009, to:

Michael K. Winks
Angela L. Winks
37605 West Jefferson Street
Tonopah, AZ 85354
(Debtors)

Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311-1737
(Debtor(s) Attorney)

David M. Reaves
P.O. Box 44320
Phoenix, AZ 85064-4320
(Chapter 7 Trustee)

GMAC
P.O. Box 79135
Phoenix, AZ 85062-9135
(Lienholder)